UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC KRAUSER,<br><br>               Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>               Defendant. | CASE NO. 2:16-cv-00059-RBL-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: November 11, 2016 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff Eric Krauser filed this matter seeking judicial review of Defendant's denial of his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI").

After reviewing the record, the Court concludes the Administrative Law Judge ("ALJ") erred in evaluating the medical opinion of Jared Hellings, Psy.D, and consequently in formulating the residual functional capacity ("RFC") and finding Plaintiff capable of performing jobs existing in the national economy. Accordingly, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Report and Recommendation.

OPINION REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 1

|   |   |
|---|---|
| 1 | FACTUAL AND PROCEDURAL HISTORY |

2  On January 9, 2010, Plaintiff filed an application for SSI, and on January 11, 2010,
3  Plaintiff filed an application for DIB, alleging disability as of June 3, 2001 on both applications.[1]
4  *See* Dkt. 12, Administrative Record ("AR") 298-305. The applications were denied upon initial
5  administrative review. *See* AR 99. A hearing was held before Administrative Law Judge ("ALJ")
6  M.J. Adams on July 18, 2011 regarding the denial of Plaintiff's applications. AR 99. In a
7  decision dated August 18, 2011, the ALJ determined Plaintiff to be not disabled. AR 99-113.
8  Plaintiff's request for review of the ALJ's decision was accepted, and the Appeals Council
9  remanded the matter back to the ALJ on December 21, 2012. AR 119-23.

10  Following remand, Plaintiff reappeared at a second hearing before the same ALJ on
11  August 12, 2013, but Plaintiff requested a continuance because he did not have a permissible
12  representative at the hearing. *See* AR 67-73. On March 25, 2014, Plaintiff appeared before the
13  same ALJ, as did an impartial vocational expert ("VE") and a non-attorney representative, Deah
14  Louis. AR 10. In a decision dated May 20, 2014, the ALJ again determined Plaintiff to be not
15  disabled. AR 10-25. Plaintiff's second request for review was denied by the Appeals Council,
16  making the ALJ's second decision the final decision of the Commissioner. *See* AR 1; 20 C.F.R. §
17  404.981, § 416.1481.

18  In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) improperly
19  considering the opinion of examining psychologist, Jared Hellings, Psy.D.; and (2) improperly
20  considering the opinion of treating counselor, Ramon Ledesma, M.Ed., LMHC. Dkt. 15, p. 1. In

---

[1] The ALJ's decision and Plaintiff's brief identify the application filing dates as December 11, 2009 and November 30, 2009. *See* AR 99; Dkt. 14, p. 2. However, the actual applications indicate Plaintiff filed for SSI on January 9, 2010 and DIB on January 11, 2010. *See* AR 298-305.

his Reply Brief, Plaintiff submitted new evidence, including (1) a Notice of Award dated June 22, 2016 related to a February 17, 2016 application for SSI; and (2) a Disability Determination Explanation related to the February 17, 2016 application for SSI. *See* Dkt. 18, 18-1, 18-2. Plaintiff argued for the first time this matter should be remanded because the Notice of Award constitutes "new and material evidence requiring remand for further proceedings." [2] *See* Dkt. 18, pp. 9-12. Plaintiff acknowledged "[t]his argument was not raised in the Opening Brief because the Notice of Award was not issued until two days after the Commissioner's Response Brief was due." Dkt. 18, p. 1; *also compare* Dkt. 15 *with* Dkt. 18-1. The Court agreed Plaintiff could not have raised his request for remand pursuant to Sentence Six of 42 U.S.C. § 405(g) until after Defendant's Response Brief was due. *See* Dkt. 20. The Court also found both parties should be given an opportunity to provide the Court briefing on the issue raised for the first time in the Reply Brief. Accordingly, the Court ordered the parties to file supplemental briefing addressing whether Sentence Six applied to the evidence submitted and, if so, whether the new evidence was material and whether good cause existed for failing to incorporate the opinion into the record during the prior proceeding.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

---

[2] Although Plaintiff referred to his request as a request for remand pursuant to Sentence Four of 42 U.S.C. § 405(g) on page 9 of his Reply Brief, the Court construes the request as a request for remand pursuant to Sentence Six of 42 U.S.C. § 405(g) based upon Plaintiff's subsequent briefing and request for relief on page 12. *See* Dkt. 18, pp. 9-12.

DISCUSSION

**I.      Whether the ALJ Properly Evaluated the Medical Evidence.**

Plaintiff asserts the ALJ erred by improperly evaluating the medical opinion of examining psychologist Jared Hellings, Psy.D. Dkt. 14, pp. 3-8. The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

   A.   <u>Jared Hellings, Psy.D.</u>

Plaintiff avers the ALJ erred in his treatment of Dr. Hellings's medical opinion. Dkt. 14, pp. 3-8. Dr. Hellings conducted a Psychological Evaluation of Plaintiff on March 29, 2013. AR 702-08. Dr. Hellings conducted several psychological tests as part of his evaluation, including "the Wechsler Adult Intelligence Scale-IV, Wechsler Memory Scale-IV, Trailmaking Test, and [a] Mental Status examination." AR 702. As part of his evaluation, Dr. Hellings also conducted a clinical interview, charting Plaintiff's social and medical history and self-reported background, and reviewed a psychological medical record evaluation conducted by Carl Epp, Ph.D. AR 702. On mental status examination, Dr. Hellings observed Plaintiff was "friendly and kind" but

1   "nearly tearful throughout the interview." AR 703. Dr. Hellings charted Plaintiff had some

2   difficulty findings words when speaking, could only recall 1 of 3 items after delay on memory,

3   could not spell the word "world" forward or backward, and could not conduct Serial 7's or 3's.

4   AR 703. Dr. Hellings opined Plaintiff had "overall intellectual functioning … in the borderline

5   range." AR 703. Dr. Hellings determined Plaintiff could not manage his own funds and

6   recommended using a payee. AR 704, 705. Dr. Hellings opined Plaintiff would have "difficulty

7   managing relatively small tasks" and "his ability to reason and adapt to situations is limited." AR

8   705. Dr. Hellings also determined "[t]here was also no evidence of malingering or fictitious

9   behavior and he appeared to put forth his best effort on all tasks." AR 703.

10          The ALJ afforded "minimal weight" to Dr. Hellings's opinion and determined it was "too

11  restrictive." AR 22. Specifically, the ALJ noted Dr. Hellings "opined that the claimant could

12  perform simple instructions, but needed 'significant support and direction' in his daily living",

13  *see* AR 22 (no citation in original), and also noted Dr. Hellings opined Plaintiff would have

14  difficulty managing small tasks and managing his own money. AR 22. The ALJ determined Dr.

15  Hellings "specifically noted that these opinions were based on the claimant's self report" and

16  thus discounted Dr. Hellings's medical opinion as "inconsistent with the overall record."

17          First, the ALJ dismissed Dr. Hellings's opinion finding Dr. Hellings "specifically noted"

18  he based his opinions regarding Plaintiff's activities of daily living and ability to handle simple

19  tasks based upon Plaintiff's self-reports. AR 22. An "ALJ may reject a treating physician's

20  opinion if it is based 'to a large extent' on a claimant self-reports that have been properly

21  discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting

22  *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citing *Fair v. Bowen*,

23  885 F.2d 597, 605 (9th Cir. 1989))). However, "when an opinion is *not more heavily* based on a

24

1  patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the
2  opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (emphasis added) (citing *Ryan*
3  *v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). Here, Dr. Hellings charted
4  Plaintiff's self-reported history, conducted a clinical interview, and conducted several
5  psychological tests, including an objective mental status examination. *See* AR 702-08. Dr.
6  Hellings also reviewed Dr. Epp's medical opinion. *See* AR 702. Thus, the record demonstrates
7  Dr. Hellings did not base his entire medical assessment more heavily on self-reported symptoms
8  than on objective medical testing. Rather, Dr. Hellings provided a medical source statement
9  based on his observations, the objective results of psychological testing, as well as Plaintiff's
10 self-reported symptoms.
11         The ALJ suggests Dr. Hellings "specifically" noted his opinion regarding Plaintiff's
12 activities of daily living and ability to manage his own funds was based upon Plaintiff's self-
13 report. *See* AR 22. However, the ALJ's determination is not supported by substantial evidence.
14 As an initial matter, Dr. Hellings noted his diagnoses were based upon "records reviewed, the
15 clinical interview, test results, and behavioral observations." AR 704. In addition, Dr. Hellings
16 noted "[t]he results of the evaluation indicate that the claimant likely does not have the adequate
17 capability to manage his own funds in his best interests." AR 704.  Dr. Hellings does not state he
18 based his opinion regarding Plaintiff's ability to manage his funds on Plaintiff's self-reports, as
19 indicated by the ALJ. *See id*. Moreover, although Dr. Hellings does state "[a]ccording to
20 [Plaintiff's] self-report, he has required assistance from someone for the last 20 years to help him
21 manage daily living", *see* AR 705, Dr. Hellings appears to base his opinion regarding Plaintiff's
22 functional limitations on "[t]he results of this evaluation indicat[ing] evidence of significant
23 deficits with processing speed, variable but below average attention, as well as below average
24

OPINION REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 6

verbal reasoning." AR 705. Thus, based on Dr. Hellings's extensive testing and clinical interview, the ALJ's decision discounting Dr. Hellings's assessment as based on Plaintiff's self-reports is not a specific and legitimate reason to discount Dr. Hellings's opinion.

Second, the ALJ dismissed Dr. Hellings's opinion because the ALJ determined his opinion was "inconsistent with the overall record". AR 22. The ALJ did not cite to any evidence in the record inconsistent with Dr. Hellings's opinion, nor did the ALJ explain why his conclusions—rather than Dr. Hellings's clinical observations—are correct. *See* AR 22. The ALJ's statement lacks the specificity required by the Court. As noted by the Ninth Circuit:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct. Moreover[,] the ALJ's analysis does not give proper weight to the subjective elements of the doctors' diagnoses. The subjective judgments of treating physicians are important, and properly play a part in their medical evaluations.

*Embrey*, 849 F.2d at 421-22 (internal footnote omitted); *see also* 20 C.F.R. §§ 404.1527(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions"). Here, the ALJ provided only a conclusory statement noting Dr. Hellings's assessment "inconsistent with the overall record." AR 22. The ALJ's blanket statement is insufficient to reject Dr. Clark's opinion. *See Embrey*, 849 F.2d at 421-22; *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (the ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

1    Therefore, the ALJ erred as none of the reasons provided by the ALJ to reject Dr.
2 Hellings's opinion are specific, legitimate, and supported by substantial evidence. *See Reddick*,
3 157 F.3d at 725.

4    "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674
5 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the
6 claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*
7 *Comm'r, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at
8 1115. The determination as to whether an error is harmless requires a "case-specific application
9 of judgment" by the reviewing court, based on an examination of the record made "'without
10 regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-
11 1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

12    Had the ALJ properly considered the opinion of Dr. Hellings, he may have included
13 additional limitations in the RFC and in the hypothetical questions posed to the vocational
14 expert. AR 30, 44-74, 110-22. For example, Dr. Hellings opined Plaintiff would need a
15 protective payee, which the ALJ rejected outright. *See* AR 22. Dr. Hellings also opined Plaintiff
16 would have "difficulty managing relatively small tasks", would have difficulty in his ability to
17 "reason and adapt to situations is limited", and would have "deficits with processing speed" and
18 "verbal reasoning". AR 705. Although the ALJ limited Plaintiff to simple, routine tasks with
19 short simple instructions, the ALJ did not incorporate Dr. Hellings's opined limitations regarding
20 difficulty managing even small task, nor did the RFC incorporate any findings related to
21 Plaintiffs' ability to reason and adapt to situations. *See* AR 18. If Dr. Hellings's opinion were
22 given great weight, the ALJ may have found Plaintiff unable to work at all or unable to work
23 absent additional limitations not included in his RFC. As the ultimate disability determination
24

may have changed, the ALJ's error regarding Dr. Hellings is not harmless and requires reversal. *Molina*, 674 F.3d at 1115.

**II.   Whether the ALJ erred in evaluating the lay opinion evidence of Plaintiff's counselor.**

Plaintiff also contends the ALJ erred by improperly rejecting the opinion of Plaintiff's counselor, Ramon Ledesma, LHMC. Dkt. 14, pp. 8-11. Pursuant to the relevant federal regulations, medical opinions from "other medical sources," such as nurse practitioners, therapists and chiropractors, must be considered. *See* 20 C.F.R. § 404.1513 (d); *see also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d)); SSR 06-3p, 2006 WL 2329939. "Other medical source" testimony "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner*, 613 F.3d at 1224. "Further, the reasons 'germane to each witness' must be specific." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009); *see Stout*, 454 F.3d at 1054 (explaining "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony").

Mr. Ledesma, Plaintiff's therapist, began treating Plaintiff in November 2009 and continued to treat him through at least September 2013. *See* AR 713, 822-27. Mr. Ledesma completed a Psychological Evaluation of Plaintiff on August 2, 2011 and a Mental Residual Functional Capacity Questionnaire dated September 10, 2013. AR 713-16; 822-27. Prior to the first hearing, Mr. Ledesma completed a declaration on behalf of Plaintiff on August 4, 2011 and observed in his 35 years he had "not treated anyone with [Plaintiff's] severity of symptoms". AR 384-86. Mr. Ledesma described Plaintiff's functional limitations caused by his extreme depression, including that Plaintiff "could not tolerate the stress of full-time employment." AR

386. Mr. Ledesma opined Plaintiff "would need frequent redirection multiple times per hour to stay focused and on task even with simple, one to two-step tasks" AR 386. In the psychological evaluation, Mr. Ledesma opined, Plaintiff has moderate to severe limitations in cognitive and psychiatric impairments. AR 714. Mr. Ledesma based his opinion on his prior two years of treating Plaintiff. *See* AR 713-16. On the September 2013 Questionnaire, Mr. Ledesma opined Plaintiff is unable to meet competitive standards on most mental abilities and aptitudes needed for unskilled work, including understanding and remember short and simple instructions, carrying out very short and simple instructions, and maintaining attention for two hour segments. AR 824.

The ALJ discounted Mr. Ledesma's opinion because Plaintiff "appeared so sympathetic [to Mr.] Ledesma, that []he went beyond [his] assigned role as his counselor and became his advocate." AR 23. Regarding Mr. Ledesma's opinions, the ALJ noted he "completed three DSHS forms, as well as a representative supplied declaration" but determined Mr. Ledesma "did not include any testing or objective measures at all" and he "accepted at face value everything the claimant reported during sessions." AR 23. The ALJ also discounted Mr. Ledesma's opinion because Plaintiff "gathered documentation for his disability determination" after his representative withdrew, which is "at odds with his assertions that he is unable to live or perform 'routine tasks' without adequate supervision." AR 23. The Court finds the ALJ offered a germane reason for discounting the opinion of Mr. Ledesma, and therefore did not err.

The ALJ discounted Mr. Ledesma's opinions because he determined Mr. Ledesma became an advocate for Mr. Ledesma. AR 23. "The purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them." *Lester*, 81 F.3d at 832. However, an ALJ is entitled to give less weight to a medical opinion if he reasonably concludes

that the physician has stepped out of the treating role to become an advocate for his patient in presenting a meaningful petition for Social Security benefits. *Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992); *Helmke v. Astrue*, 371 F. App'x 748, 749 (9th Cir. 2010); *Lewin v. Colvin*, No. 6:15-CV-00474-TC, 2016 WL 3267287, at *5 (D. Or. June 6, 2016).

Here, substantial evidence supports the ALJ's decision to discount Mr. Ledesma's opinion because he stepped into the role of advocate. First, Mr. Ledesma appeared at the second hearing on behalf of Plaintiff to represent him. *See* AR 69-70. This alone supports the ALJ's determination that Mr. Ledesma stepped out of his role as therapist and into the role of advocate. *See Matney*, 981 F.2d at 1020 ("Further, the ALJ stated that [the doctor's] conclusions were entitled to less weight because he had agreed to become an advocate and assist in presenting a meaningful petition for Social Security benefits."). Second, after Plaintiff lost his lawyer, Mr. Ledesma noted "We talked about going to the hearing anyway and I would *represent/be his advocate* …" AR 799 (emphasis added).

Thus, the Court finds the ALJ offered a germane reason for discounting the opinion of Mr. Ledesma. Because the Court has the ALJ offered at least one germane reason for discounting Mr. Ledesma's opinion—and because the Court has already determined this matter should be remanded for further consideration—the Court need not address the other reasons offered by the ALJ to discount Mr. Ledesma's lay opinion. *See*, *e.g.*, *Lawson v. Colvin*, No. C13-5049-JCC, 2013 WL 6095518, at *18 (W.D. Wash. Nov. 20, 2013) (upholding the ALJ's treatment of a mental health counselor where the ALJ provided "at least one germane reason for discounting" the counselor's opinion).

    **III.**    **Whether this matter should be reversed and remanded pursuant to Sentence Six.**

In her Reply Brief, Plaintiff argues if the Court does not remand pursuant to Sentence

Four, the Court should remand pursuant to Sentence Six for further consideration given the June 22, 2016 finding of disability, issued by the SSA two days after the Commissioner's Response Brief was due. *See* Dkts. 15, 18. The Court may remand and order the Commissioner to take additional evidence "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *see also Shalala v. Schaefer*, 509 U.S. 292, 297 n.2, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) ("Sentence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency."). Here, as the Court has already determined this matter should be remanded pursuant to Sentence Four, the Court need not address whether this matter should be remanded pursuant to Sentence Six. The parties will necessarily have the opportunity to submit additional evidence to the Commissioner upon remand.

## CONCLUSION

Based on the above stated reasons, the undersigned recommends this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation. The undersigned also recommends judgment be entered for Plaintiff and the case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

imposed by Rule 72(b), the clerk is directed to set the matter for consideration on November 11, 2016, as noted in the caption.

Dated this 26th day of October, 2016.

/s/ David W. Christel

David W. Christel
United States Magistrate Judge

OPINION REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 13